Good morning everyone. The first case this morning, we'll hear the consolidated arguments of the two cases 2011-7147 and 2011-7166. DELOACH against the Secretary of Veterans Affairs and GREEN against the Secretary. Mr. Shinseki. So we understand that you will discuss the questions of law and then point out to us any of the differences in the facts that might affect the overall question of law, which is all that we can decide. SHINSEKI That is correct, Your Honor. We believe the questions of law are similar, so it made sense to argue them in a consolidated fashion. But I can answer questions, obviously, about the difference in focus. Your Honor, Igor Timofeev for Appellants Ronald Deloach and William Green. In these two cases, the Court of Appeals for the Veterans Claim committed a fundamental legal error. The Court has misinterpreted the proper standard for clear review under Section 7261A.4 for instances in which the Court of Appeals for the Veterans Claims can review the findings of the Board of Veterans Appeals and reverse them if clear error is found. But do you read what the VA said as saying that they are prohibited from reaching a final decision or that they have the discretion to remand? SHINSEKI We certainly agree that the Veterans Court does have a discretion to remand. But what we believe is that in this case, in these two cases, the Veterans Court has misinterpreted the way in which it must conduct a clear error review. So it misinterpreted the legal standard for the clear error review. That is the legal error that this Court has certain jurisdiction over, and it needs to correct. On remand to the Veterans Court, the Veterans Court may still decide that remand is the appropriate final remedy, or it may decide under the proper, when it probably constitutes— I'm unclear. I understand. I appreciate your answer. But the question is, so exactly what did they not do that you say they were required to do? And it also conflated the prohibition on judicial fact-finding in the first instance with the statutorily required review of the record evidence to determine whether the board's factual finding indeed comported with the evidence and record, or whether the court, upon reviewing that evidence, could determine that those factual findings, the subsidiary factual findings as well as the ultimate factual finding, were clearly erroneous, were such that the court had a definite belief that a mistake was committed. So, I mean, exactly, specifically, you're saying that the Veterans Court, even though in both cases, and particularly in one, the Veterans Court analysis seemed quite detailed in terms of reviewing what the board did and explaining why they thought it fell short, right? So what exactly did they not do that you're saying they should have done? Having done what they did, and I'm sure you know the record better than I, they went through what the board did. They went through the various analyses of the medical exam and how that fell short. What more exactly? You want to let me, if I may, let me discuss both questions, both cases separately, because I think that may help to answer your question a little bit better. I think in the Green case, and I hazard a guess that that's probably the one you're referring to as the one where the analysis was more thorough, and there we do agree that we actually don't take issue with the way in which the Veterans Court analyzed specific subsidiary findings with respect to particular, the two particular medical, private medical opinions, and then the C&P opinion which came afterwards. What, in that case, the legal error was that after the Veterans Court has reviewed these individual factual findings, it never conducted the review to determine whether the overall, the ultimate factual finding of no service connection, and it is under the course precedence of Lennox, it is a finding of fact, whether that finding of fact itself was also clearly erroneous. And under the proper standard of clear error review, the reviewing court needs to… I'm sorry to interrupt, but it's almost like if everything fell out of it, if they've already criticized and discussed the inadequacy of all of the details below, the clear, ultimate clear error finding has kind of disappeared. They've called into question, and therefore remanded, stating you need another medical exam, your analysis was inadequate, yada-da, and so all of the predicates for the, you're saying the ultimate analysis has to be clear error on the entire record, but they've already taken apart the entire record and said why that record below doesn't stand. So it just doesn't really make sense to me that they would then, having said why all of this is inadequate and has to be a do-over, they then have to go on and do that final step, which examining the stuff that they've already discredited, right? You understand my question? I understand it completely. I think my answer to that is this. I think you're quite right that in green, the Veterans Court indeed decimated the reasons why the board has actually discredited particularly the evidence favorable to the veteran. But let me put it to you this way. In fact, after actually the Veterans Court has said, has examined the board's analysis and said that look, the reasons you discredited the favorable evidence did not hold to scrutiny, these were erroneous if not clearly erroneous. Then I think the Veterans Court needs to look at the ultimate finding because it may be— Would that be sufficient to satisfy what you're saying was deficient? If the court has done that, yes, Your Honor, because I think— So it's just that one analysis saying because we've already found this, we therefore conclude that the ultimate conclusion was clearly erroneous. Yes, is that sufficient? Your Honor, it's not just one sentence because I think the court needs to look and say, okay, after we examine these individual findings, looking at the ultimate finding, even if there are some questions that may remain with respect to subsidiary finding, is it possible that with respect to the ultimate finding, the evidence is such that there is a permissible conclusion that this evidence would preponderate against the veteran? So for instance, let me put this example. If there is a case which has two opinions which are favorable to the veteran, one opinion which is ambiguous to the veteran, the Veterans Court examines them and says with respect to one favorable opinion, there are some questions in the record. We're not sure whether this opinion is favorable or maybe it's ambiguous. So maybe there is not factual opinion. But on the overall analysis with respect to ultimate factual finding, there is one unquestionably favorable opinion. There is one ambiguous, at best, ambiguous opinion, and one opinion that may be favorable or ambiguous. On this record, it doesn't matter what the board would do with respect to this one opinion. Okay, I appreciate what you're saying. My problem is that we're supposed to assume that they implicitly did that. I mean, if they decided not – I mean, they were looking at the entire record. They were looking at all of the pieces of it, and the sum of that is the entire record, and they found what was deficient. Obviously, if they thought on this record it was enough to just decide the case, they would have done that. I mean, they said quite clearly, we think, therefore, there's a need to reexamine the medical exam, to do another medical exam, perhaps, or whatever. So implicitly, in my view, it seems to me that they did say, they concluded what you need to do to beef up the record here, and that conclusion subsumes, I think we can fairly say, that they decided that's the way you needed to go, right? I think, Judge Cross, if you look at the analysis, the Veterans Court's analysis in green, it's very clear that the court analyzes the board's reasons for discounting the positive opinion separately, and then says, here, remand is necessary, then analyzes the board's conclusions with respect to what the board viewed as a negative opinion separately. There is no overall analysis, but the error is even more stark in Deloge, because I think in Deloge, the Veterans Court openly said that, first of all, it cannot even review the board's factual findings with respect to two positive positions' opinions, because that would constitute impermissible judicial fact-finding, and that's just not correct. The Reviewing Court can indeed review the fact-finder's factual findings with respect to positive opinions for conformity with the evidence, and then the court in Deloge said that it also cannot weigh these positive opinions against the other evidence in the record, but the Reviewing Court, in analyzing the ultimate factual finding of service connection, it can determine whether or not, indeed, the ultimate, the board's ultimate finding that the evidence preponderated against the veteran, whether or not that was, indeed, a permissible review of the evidence. Can I ask you one related but different question, and that is, with respect to the statute that you're holding up here as the basis for our having jurisdiction, 7261A4, and your whole issue here is that they should have reversed, or at least they should have considered all this stuff. I read the statute. The statute says, the Veterans Court shall hold unlawful and set aside or reverse such finding if the finding is clearly erroneous. That means that they have two options, which appears to be in their discretion. If the finding is clearly erroneous, they can reverse it or vacate and remand, which is what they did here. They vacated it and remanded, right? Yes, Your Honor, absolutely right. Under the statute, the Veterans Court has both the options which you described. And here they vacated and remanded the case, so I guess I'm having a hard time seeing how you think you have a statutory hook. You can't be saying they were compelled by the statute to reverse under these circumstances, whether that's the issue, because they did exactly what the statute that you're saying they violated gives them the discretion to do, which is to either reverse or to vacate and remand, which is precisely what they did here. Your Honor, I have a twofold answer. The first part is that our main argument is that the Veterans Court actually did not conduct a proper clear error review because it misinterpreted how clear error review must be conducted. In the two ways I already explained, it did not review, in our view, the entire evidence, and it also conflated the review of the factual findings for conformity with the evidence of impermissible fact findings. But my second answer, and that argument is a bit different from whether or not the Veterans Court here should have erred actually by not reversing but remanding. Wait, so your legal issue upon which you're basing jurisdiction is that the statute says if the finding is clearly erroneous and that the Veterans Court violated that statutory edict by not finding whether or not it's clearly erroneous? Is that your legal argument? Your Honor, our legal argument is that there is a proper standard for conducting the clear error review analysis. This stems from the Supreme Court cases of the United States Chipsom Company, Uli versus Cromarty, and Boser Corporation. That standard has been recognized by the Veterans Court, and in our submission in this case, in these two cases, the Veterans Court misinterpreted that standard. But I think the other part of my answer to your Honor's question is that also in its precedence, the Veterans Court in the case of Mariano and in the case of Padgett, the Veterans Court explained when it actually would reverse the factual finding, the ultimate factual finding of no service connection by the board as opposed to when it would remand. And that explanation is consistent with the Supreme Court's precedence. The Veterans Court said if upon the review of the factual finding for conformity with the evidence, they are left with a definite conviction that the mistake is committed. You're not saying, I guess, I'm sorry to keep interrupting, but I'm really unclear on these points. You're not saying that the legal problem here is that they should have reversed as opposed to vacate remand. I thought you said earlier that your problem is that they didn't undertake the analysis they were required to do as a predicate to deciding whether or not to reverse or to vacate. Your Honor, in our view, the legal error is that, quite right, they misinterpreted the standard for conducting the analysis under the clear error standard. Now, in our view, if the Veterans Court in these two cases had actually conducted the proper clear error review analysis, it would have reversed as opposed to remanded. But what in the statute says under certain circumstances they have to reverse and under others they have to vacate? It seems to me the statutory provision that you're hanging your hat on gives them complete discretion as to whether or not to vacate or to reverse if the finding is clearly erroneous. Your Honor, it's not a complete – with respect, I don't believe it is complete discretion because this standard incorporates the way in which the Supreme Court has instructed the courts to conduct the clear error review analysis. And now the Supreme Court's precedent, if the review in court is left with a definite conviction that the only permissible view of the evidence is different from the one that the fact finder has done, then the court actually should reverse. But it wasn't. They went through a lengthy analysis and their analysis was different. They said we need a new medical exam. We need – your reasons are inadequate. You need to give us different reasons. They weren't prepared on this record clearly to make an ultimate decision. It seems to me what they did is what we expect reviewing courts of the board to do, right? Judge Gross, but in our view actually the Veterans Court in these two cases did not do what it had to do under the clear error review. I mean, for instance, again, in Deloge the court said we cannot even examine whether or not the fact finder's, the board's conclusions, the board's factual findings with respect to two positive medical opinions are clearly erroneous or not because that would constitute impermissible fact finding in the first instance. They said we cannot then compare the analysis of that evidence against the other evidence in the record because that would also constitute a permissible fact finding. And by contrast, for instance, in the case of Ely v. Cromartie when the Supreme Court, and this was a case which came to the Supreme Court under direct appeal in every district in dispute, the court examined five separate factual findings and then also examined the ultimate factual finding that in that case that the legislature indeed was motivated by racial and not the political consideration when designing district boundaries. And so the Supreme Court there really very detailedly engaged in a very searching and detailed examination of the record including whether or not district court in that case has analyzed particular testimony of a redistricting expert in a correct way. So clearly, I mean, the Supreme Court has instructed and has provided guidance as to how clear a review should be conducted. And that clear review does involve a searching analysis of the factual findings, both subsidiary findings and the ultimate factual findings such as the decision not to award the service connection against the evidence present in the record. And here the Veterans Court did not engage in that analysis. Iain Greene did not engage and did not examine the entire record and to determine whether or not on the view of the entire record the ultimate finding of no service connection was clearly erroneous or not. In Deloge, we think the error is even more stark because the court there believed that this review of the factual findings with respect to specific medical opinions for conformity with the evidence constituted by itself impermissible judicial fact-finding. And so our view is if the Veterans Court has actually conducted the proper analysis under the properly interpretation of the clear error standard, in our view, the Veterans Court in those decisions would have concluded that it had to reverse. Because the discretion to reverse, it's not a complete discretion. It is a discretion that is guided. The reviewing court needs to compare the factual findings of the fact-finder against the record evidence and the Supreme Court said actually it has to do it on its own reading of the record. And there is really no other way to do it because the reviewing court needs to in fact look at specific records and say is the only permissible view of this evidence the one that is different from the one that the fact-finder has found. It's a differential standard. The Veterans Court could have conducted proper clear error review analysis. It could have then said on this reading of the record, in the loge, having examined the factual findings that refused to accord the probative value to the two positive medical opinions against actually the evidence in those medical opinions that in our view was clearly favorable to the veteran established that his disability arose during his period of service. The court then could have said, look, we think that indeed there is a permissible view of this evidence that could still support the board's finding, but there is a factual lacuna, and so therefore a remand is proper, not a reversal. Or the Veterans Court, as we argue, could have conducted the proper clear error review and then concluded that no, actually, the only permissible view of that evidence is contrary to what the board had found. And therefore it had to reverse those two subsidiary findings. And then the court had to do the same type of analysis with respect to the ultimate factual finding. It seems to me that the Veterans Court did exactly what you're saying. I mean, they looked at the finding of the board, and the determination was that we're going to remand because we believe that the board failed to properly examine the medical opinions or to review the medical opinions. And the medical opinions themselves, by themselves, don't provide us the grounds upon which we can make a decision that there was clear error. I mean, under your argument that the Veterans Court would almost be required to do a clear error analysis at every single case and determine whether it's going to reverse or not. And your argument seems to deprive the board and the Veterans Court the ability to remand when it finds that the record is insufficient, for example, to support a clearly erroneous determination. Judge Urena, we do not take that aggressive a position. We do not argue that, indeed, the Veterans Court would like discretion to remand when the record is inconclusive. If the Veterans Court actually conducts a review, it determines that the record is inconclusive, that there are factual developments in the record that prevent it from saying that, on this record, the only permissible view of the evidence is contrary to what the board had found, in that case, we absolutely agree. Then, in that case, a remand is appropriate. That's exactly what they said. Even in Deloes, which I agree is thinner than green, they said, where the record is otherwise inadequate, a remand is appropriate. Here, the lack of an adequate statement of reasons or basis frustrates judicial review, and the failure to provide an adequate medical examination involves factual development. I mean, I appreciate that you're here and the arguments you're making, but often we get these veterans' cases and the veterans are asking, under the duty to assist, for a medical exam. We've had cases where they say you should have done over the medical exam because the medical exam was inadequate. Here, the veterans' court reached that result, and they say, you need a better medical exam. It seems to me, I agree with Judge Reyna's concern about why this doesn't seem to be the course that, in many instances, the veteran is urging on us for the veterans' court, as to how the veterans' court should proceed. Judge Prost, I think with respect to Deloes, it's also important to see what the court did before it actually made that statement. And before the court made that statement, the court said, we cannot analyze the board's factual findings, which refuse the court the probative value to the two positive opinions in the record. We cannot analyze it because that will constitute the impermissible judicial fact finding. We cannot then compare that positive evidence in the record against the other evidence in the record, which we argue is ambiguous or silent on the question of service connection. And so the court there, I think what the court there said is, it really did not conduct a proper, clear review of the record. It did not conduct a proper, clear review of the factual findings by the board on that record evidence. It just simply assumed it cannot do that review, and indeed, therefore, it had to remand for provision of a further medical opinion. So your position, I gather, just cutting through all of this, with the question of law that you're asking for us, is that if, in fact, doing all the things that the Veterans Court did here, and they determined that there were inadequacies in the evidence by which the benefit was denied, their obligation is to reverse, to put an end to it, not to remand, but just to decide in favor of the veteran because the VA did not fulfill its obligation. Is that where you want all this to come out? Because if not, it really is hard to tell what questions of law are before us. Ioanna, we do believe that in these cases, under a proper, clear error review, the Veterans Court would have to reach a decision that a reversal rather than remand is proper, especially in the loge. But I think our argument is that the veteran is entitled to have the Veterans Court review the findings of the Board of Veterans' Appeal under the proper standard for conducting the clear error review, and that standard does involve an examination, a search and review of the record evidence to determine whether the factual finding is clearly erroneous. The question of whether or not then a reversal is proper because the only permissible view of that evidence is contrary to the board finding or no service connection, that's a further question that is down the road. So the precise legal question is the requirement for the Veterans Court to indeed conduct the clear error review properly. So your answer to Judge Newman is no, you're not speaking here, a reversal, saying that the Veterans Court erred because on this record they should have reversed it. You're just saying we should send it back to the Veterans Court and give them some guidance along the lines that you've argued before us this morning as to why they didn't do the right analysis, right? Judge Forrest, I believe that the, as obviously this panel knows, I mean this court has limited jurisdiction to review the Veterans Court's decisions, and that jurisdiction is limited to review of the, of really the legal interpretations, the interpretations of a law by the board. So I think the precise power of this court is to instruct, to find that in fact the Veterans Court did not conduct a proper legal review for clear error, instruct the Veterans Court as to a proper method, the legally correct method of conducting the clear error review. And we do believe that it has to remain that case to the Veterans Court. The Veterans Court has to then conduct the clear error review in the proper method. We believe once it conducts this, once it actually examines this evidence, it has to come out with a decision that a reversal is proper because in our view there is no permissible view of this evidence. But that issue isn't before us. I mean acknowledge that question isn't before us. I do acknowledge that strictly speaking that question is not before this court because of a limited, because obviously this court does not. Well, it's not strictly speaking. It's whether it's before us or not, and it's not, right? Yes, we do agree with that, Judge Forrest. I think the question before this court is the question of did the Veterans Court in these cases correctly interpret the legal standard for conducting clear error review on the Section 7261A4? Okay. I think we have the question. Let's hear from the VA. Thank you very much. Mr. Harkin. Please, court. As we've heard, I think, a couple of times this morning, the appellants in this case would like to say that the standard should be, as they say in the final substantive page in both of the blue briefs, that the Veterans Court reaches a definite conviction that the board is wrong. It should reverse the board's findings of no service connection. Counsel, under what circumstances if we were to affirm, under what circumstances, or hold that there's no jurisdiction, we were to find there's no jurisdiction in these two cases, under what circumstances would we ever have jurisdiction to review whether the Veterans Court properly applied the statute? Well, in Byron, this court determined that in the Byron Veterans Court decision, the Veterans Court was under the impression that they did not have the authority to reverse. And so this court felt that it had jurisdiction to look at that issue, but determined that in that case the remand was appropriate. So that dealt with an interlocutory appeal issue. It was a similar, yes. Let's say we're not dealing with something like a Byron situation. Would we ever have jurisdiction to review whether the Veterans Court properly applied or interpreted the statute? I would say no to the apply part, but yes to the interpret part, to the extent that the Veterans Court decision presents the issue to this court in some fashion. You would say that if the issue is whether the Veterans Court interpreted its application or interpreted the statute correctly, then we would have jurisdiction. It would be depending on, of course, hypothetically, depending on the nature of how the issue arose. Because the argument here is that very argument, that there was a misinterpretation. And so could you just include it in your answer? I'm having a hard time seeing why this isn't just like Byron, and whether you agree or disagree that they misinterpreted the statute. They've raised a legal issue, have they not? I don't think that they have. Well, they've identified a legal issue, which they say it's sort of a cart force situation. Their argument is because we view the evidence in a certain way, there must have been a misinterpretation of the statute, when really the question is really about the evidence. That's one way to look at it. I think the other way, and I'm not sure that this was made clear in the prior arguments, and that is that a decision comes with a decision. Connection, there's either a service connection or not. And in this case, there was no service connection. Correct. That's the decision that's upon review. And it seems to me that the, or at least the argument is, is that when you make a decision, you can't simply say that the record is insufficient for me to decide whether the ultimate decision, a service connection or no service connection, was correct. And in many cases, you can remand in order to further develop the record, but you've got to answer the ultimate question, whether service connection or not. And it's to that answer to which a clearly erroneous standard applies. So the argument is that when you have a complete record that's taken years to develop, it's already gone ping pong back and forth, the veterans has gone and gotten several, three medical reports in this case, in one of these cases, and finally he gets an appeal and it comes up. Is that a complete record upon which to, for the veterans court to say that the decision of service connection or not service connection was clearly erroneous or not? The answer is, it could be. And the standard is, as articulated by counsel in his brief earlier this morning, is where the only permissible view of the evidence is contrary to the board decision. The court will reverse it. And in fact, in both of these decisions, the court makes that very statement. On page JA11 in Deloeshe and JA12 in Green, the court says, and I'll refer to JA11 in Deloeshe, reversal is the appropriate remedy when the only permissible view of the evidence is contrary to the board decision. And they say, but in this case, this isn't that case. We cannot do that in this case. And the same thing was said in Green. The appellant wants us to reverse it. But we can't do that because we don't find that the only permissible view of the evidence is contrary to the board decision, the ultimate holding of service connection. So both decisions, both veterans court decisions in this case, considered that very question that you just raised, Judge Reyna, and both veterans court decisions ruled that in this case there wasn't only one permissible view of the evidence that would have allowed them to reverse. Rather, they needed to use the alternate remedy of remand because of the nature of the power. If in the course of that analysis, the veterans court is determining whether there's more than one permissible view of the evidence, isn't it not engaging in the analysis of whether the actual, the final decision of service connection or not, or no service connection, whether that was correct or not? Yes, it is. So at what point does a board ever say, or does a court ever say, I'm going to take the record as a complete record that's before me? The problem I'm having, it just seems to me that in a lot of these cases, it's extremely easy to say that the record is incomplete. Or that a doctor's opinion, though the doctor clearly says service connection, to say, well, the doctor didn't review a particular part of the record. And I'm having the difficulty in seeing when Congress amends a statute to include the ability to reverse, whether the veterans court is actually embracing appropriately the authority that was extended to it under the statute. Let me suggest a couple of answers to this. I'm going to address sort of an easy one first. In fact, in the amicus, they talk about the perception that the veterans court isn't following its reversal authority. But in the first Veterans Law Review article in 2009, there's an article in there which looks at the statistics and actually comes to a different conclusion in that the reversal rate, if you will, from the veterans court is really no different than that of typical Article III courts of appeals. What is true is there are a lot more remands. But that's part of the system. It's a carryover from the non-adversarial proceedings that exist before the secretary. You're going to have a lot of remands from the veterans court. In many cases, when you look at these cases as we have and as the court has over the years, you'll see in many cases that there are joint motions to remand where the secretary says, let's get this additional piece of evidence. When Congress amended the statute in order to give authority to reverse, I mean clear authority, was it not addressing whether remands were necessary in every case? Well, I don't know whether the Congress was addressing that point. The answer, though, is that. But that was the problem, wasn't it? That was an argument apparently raised by folks in support of the legislation, that there weren't enough reversals. It was the argument, the basis for that legislative change, as I understand it. But what we haven't heard here today is any articulation of a legal error in these particular cases. These cases, the court correctly identifies the standard for reversal and concludes that in both of these cases, there were not appropriate vehicles to be reversed. And so what we're left with is asking this court, frankly, although I respect the counsel's answers earlier, that he's really not asking this court to review the facts to determine whether or not there was a mistake made. This is the old cart-horse problem. The basis for their argument... It's worse than that. Here we have these cases penned for decades. We see too many where the veteran dies before the rights are resolved. And there really needs to be a point at which the benefits, which are not going to diminish the treasury that anyone would notice, are resolved. One way or another. And that had to have been behind giving the veterans court the additional authority where before, since they were deprived of the right to find facts, and so remand seemed obligatory. Here, if it's clear as to how it should come out, just decide it. You could send it back for more evidence, but this is what shines through these two cases to me. By now, we know the facts. It's all out on the record. The fact that the veterans court thought otherwise may very well be something that this court must defer to. But in terms of the relationships between the board and the veterans court, it was very clear from that legislative change that the purpose was to somehow smooth the path a little bit, expedite final resolution. Whether this is the way to reach that goal is a difficult question on these facts because there was, it seems to me, thorough analysis by the veterans court, and perhaps one could say, as well as we're permitted to review it, an authentic need for further information. But as a matter of the principle that's being raised, it does seem as if there may need to be a further tilt in favor of finality. Wouldn't the VA agree with that? Your Honor, the principles that you espouse are excellent and reflective of the 2002 VBA amendments. But these cases do not provide the vehicle by which this court, we believe, can interject itself into this question. First of all, as I think we're all here sitting around discussing the facts. In any case in which the court of claims remands as opposed to reverses, when would we be able to review that? Under what circumstance? Other than a barring type situation where you have an interlocutory appeal, and that's clearly remand or reverse. This court's jurisdictional statute, 1792 subsection D, prohibits the review of facts or the application of law to facts. And so to the extent, Your Honor, that your question is premised on a decision below that is based upon a review of the facts or an application of law to the facts, then the answer would be no. You couldn't review that. You would only be limited to those situations in which a legal issue is present, which this court could address. I'm aware of our standard of review. I get that. What I'm saying is that in instances where the veterans' court remands as opposed to reverses, would we ever have the authority to review those type of decisions? I would say to the extent that the decision was based upon the review of the record, as it was in this case. Aren't they all? Yes. The only example I could think of, Your Honor, would be where the veterans' court provides this court with a hook that would allow this court to say, no, you actually made some kind of legal misinterpretation in your standard or something. But are we the ones that decide whether that hook exists or not? Are we the ones that decide? Anything I say here today is obviously subject to the court's review and consideration. And so clearly you are the decision makers. So we are the decision makers when it comes to whether there's a hook or not in situations where the veterans' court decides to remand as opposed to reverse. And the issue that's brought before us is that the veterans' court has misinterpreted the statute. It's standard of review, which is, as I understand, what was articulated as the issue before. And I began earlier this morning with identifying those portions in the veterans' court's decision, which they articulate what they believed was the standard that they applied, which I believe is exactly what is requested by the appellant in this case to be applied. And I saw those, and I read the opinion, so I see what the veterans' court said. The question I'm asking you is that under everything that's been said to us so far, would we ever have the opportunity to review, or do we ever have the authority, rather, to review the issue of whether the veterans' court has interpreted the statute correctly in instances where it has determined to remand as opposed to reverse? We probably would, wouldn't we? I mean, there have been cases. Yeah. I think we cited in the briefs where there's a clear legal error, and it's clear on the record that the board would have come out otherwise. If the board says something that's just completely legally wrong and says, on this basis, we're going to decide it. Yeah. Am I not correct? No, I agree, I think. I mean, for example, I suppose an example would be where the veterans' court said, you know, there's only one clear view of that record, but we're going to remand it anyway because the secretary should have an extra bite at the apple. Well, clearly that's not what this court suggested. How about where it says there's ambiguity in the record below, and we're going to remand in order to develop the record further? In Adams, this court held that that was an appropriate basis for remand. And in Adams, the procedural posture of the case was much worse, if you will, than this, in the sense that in Adams, Mr. Adams satisfied a presumption for service connection, and the remand was about a medical opinion which the secretary was relying upon to overcome that presumption. And the concern at the time, which is why this court took jurisdiction, was, well, in that situation where the only purpose for the remand would be to allow the secretary another bite at the apple to come up with basically negative evidence, that would be impermissible. This court held that in Adams. Isn't that what the opponents are arguing here? That that's what these cases represent. You have one situation where you have two medical opinions that say that there's service connection, and one medical opinion that has no probative value because it's speculative, and there's a remand there. And then we have on top of that the statute that requires the benefit of the doubt to the veteran. I mean, isn't this a case where the veterans court should say, look, I can remand and say develop the record further because I have the authority to do that, but shouldn't it at some point also say, I'm looking at the record that's been brought before us. It's taken years and years to develop. I've got two doctors' opinions. I've got the benefit of the doubt statute. I'm going to reverse and find that there is connection. I'd like to respond, and I'm going to respond based upon the record as I know it, not necessarily the record that this court might have before it. Because Deloach is a very interesting example. There wasn't years and years of ping pong in Deloach. Mr. Deloach filed his claim for service connection in 2001, but for the prior 25 years, Mr. Deloach was seen regularly by psychiatrists and other analysts from 75 through 90 through 2000 when he was seeing his claim. No, no, I'm not so sure that this is going outside of the record. No, this is all in the record that was before the Veterans Court. It's not in the joint appendix, although some of it is. All right, Your Honor, I will only refer to the documents in the joint appendix. So what the board was faced with in 2008 in this case was— You're telling us that there were facts on the other side. Absolutely, there were facts on the other side. Rather than responding to the situation that Judge Rayner presented, which is easier. You're saying it's not so easy. Not so easy in this case. And therefore, on these particular facts, but the petitioners have tried very hard to present a statement of more specificity and clarity. One-sided evidence. And that's how I see the question that Judge Rayner has asked, and I'd be very interested in your answer to that question on that basis. Okay, so I will—Your Honor, I will construe the question not so much as the facts of Deloach but as the hypothetical situation in which there are two medical opinions, which clearly state that there's service connection, and there really isn't anything else in the record that would support negative finding of service connection. And, I mean, that hypothetical situation, I would expect the Veterans Court in that situation to reverse. I would expect that they would follow the standard that they articulated in this case and in Green and say that there is only one permissible view of the evidence in that case, and it would be contrary to the Board's holding that there was no service connection, and they would simply reverse it. And they have over the years in numerous cases, going back to the early days of the court in Tarnas in 1991, when they reversed the holding because there wasn't any other plausible view of the evidence. What we're suggesting here, though, is despite the characterization of the evidence in the blue brief, which we did not engage in because we do believe firmly that the kind of analysis that's being requested of this court is outside the jurisdiction of this court to consider, but to the extent this court considered the entire record that was before the Board and the Veterans Court, I believe this court would reach the same conclusion, which is, this is a lot more difficult question than I think it is. When we have an individual who repeatedly attributes his psychotic breaks with reality to marital discord and overuse of opiates and other drugs, and then later you have these 2000-era medical opinions which attribute it to service connections, so there's a slight disconnect. This isn't even one of those cases which the court often hears us talk about, and maybe a little bit like Mr. Green, where there is no medical records at all for a long period of time. Here, Mr. Deloach was in regularly. The cases are difficult. Absolutely. Okay. But what we're talking about right now is whether a legal issue, a sufficient legal issue has been raised to give us jurisdiction. So I, like you, am not interested in resolving the merits of the case or even reviewing the facts of the case. That's not our purpose. The question is whether an adequate legal question has been raised, and I'm concerned that if we can't find it in this situation, when can we? When there's a remand, and part of the remand is you need to develop the record further. As a representative of the Secretary, my answer to you is I would hope you would never be able to find it because I would hope that the only cases that this court would get along these lines would be those cases which would reflect a type of evidentiary mishmash that would have… I'm getting a little confused because I think some of this discussion, in my mind at least, seems to be conflating sort of the merit with the threshold jurisdictional question. So can I go back to Judge Raynor's point about the threshold question of jurisdiction? I'm having a hard time seeing how this is different from Byron because in contrast to Ebell where we said they didn't point to any statute, here, even if we think their argument is wrong on the merits, they have pointed to a statute, statutory provision. They have articulated a dispute or a problem they have. So irrespective of how we come out on the merit, I have a hard time seeing why this isn't closer to Byron than it is to Ebell. It's solely the question of whether or not we have jurisdiction at all. I believe I understand your question, Your Honor. And my first answer was I was hoping would address that, which is generally the legal question presented was whether the statute was not filed, 7261. And I think that my reference to the decisions below was an initial attempt to demonstrate to the court that, yes, it was filed. So to the extent there is a legal issue raised, there doesn't appear to have been any identification of an error. Now, in order to demonstrate, and so that's… Yes, but we have jurisdiction to decide that, right? Are you conceding that we do have jurisdiction in this case? Well, in the sense that it is like Ebell, or not Ebell, Byron, where this court determined that the error below, which created the legal issue, was the Veterans Court's perception that it didn't have the authority to do the reversal. I would suggest that in this case, to the extent that is the legal issue, which it does sound like similar, in this case, the Veterans Court recognizes that it could have reversed it, but that on this evidence, it didn't. So to the extent this court was to say, well, the legal issue was presented, but there doesn't seem to have been any error here, because the Veterans Court identified the proper standard that it should use. This is setting aside whether error was committed or not. I mean, we have a threshold issue that we're trying to resolve. Do we even get to the error part of the case? Do we get to the marriage part of the case at all? Do we have jurisdiction? I mean, that's the issue. And the question is whether the appellants have raised a legal question in their allegation that the Veterans Court has misinterpreted the statute when they determined to remand as opposed to reverse. See, the way that question is phrased to me suggests that it invites an examination of the merits. If I were to say that the question… Forget the last part of the question, then. So if I were to say… It's a misinterpretation of the statute. And this court often, especially in Veterans Court cases, gets this kind of legal issue presented. And often the response is, yes, you've identified a legal issue. Was 7261 properly interpreted? That could be a legal issue. Am I hearing that you're kind of suggesting that, yes, we do have jurisdiction? No, actually I don't, because I think… Well, I think you may have jurisdiction to say that appellants have identified a legal issue. Well, that's what gives us jurisdiction. And then the answer would be, but the court in this case, in both cases, identified the proper standard. So that would be the end of the matter. Well, that means you win. But the question that I think Judge Reyna and I are clearly struggling with is we have to decide not just who wins and who loses, but whether or not we have jurisdiction in the first instance. And we're having a hard time seeing why we don't have at least jurisdiction, even if it's to come out the way you suggest we ought to on the merits. And I'm hearing that you kind of maybe agree with that. I think that… Can I get a yes or no, please? To the extent we have characterized the issue and the court's decisions as they are, yes, that would be a legal issue. Of course, the problem in the briefing in this case is the briefing is all about the conclusion. Sure. I mean, I appreciate the… We can't even get to discussing the conclusion until we find out whether we have authority to even be here. Right. I mean, that's a threshold question, and I think we've answered it, that the answer is yes. Now, let me raise one other point, Your Honors, because even if the court has a legal issue, we have to talk about the Williams criteria.  And we would submit in this case that, to the extent there was an error by the Veterans Court in its jurisdiction, sufficient to have allowed the appellants to have a decision on the record in this case, that issue doesn't go away. If they go back on remand and do not prevail, or if they go back on remand and the Secretary does something untoward and adds negative evidence to the record, they can come back under Joyce, this court's decision in Joyce, and attack that decision and attack the… It's different than… That's why I started with Byron, because, you know, I see your argument. I just don't understand how we can distinguish this case from Byron. I think that in Byron, they could have had an opportunity to come back and attack that record as well. I don't know… But you're agreeing with me. There's no distinction between… I'm not sure. I think that the analysis of the third prong was… in cases other than Byron, is how I would respectfully respond to that question. And I think in those decisions, including the more recent decisions from May and June and Donnellan and Duchesne, prong three is typically the basis for this court to defer review of a non-final decision. And we would submit in both of these cases, prong three would not be met, even if you were to hold that there was a legal issue. Any more questions? Okay. Thank you, Mr. Hoppe. Mr. Simosian, do you have a few minutes? If there are any unexplored responses, I think we have exhausted most of the issues. Yes. Thank you, Anna. Just a few points then. So, first of all, in this case, even though the Veterans Court has articulated the proper standard, we do believe that, first of all, there is jurisdiction, and secondly, that there was a legal error committed by the Veterans Court. The reason that there is a jurisdiction is because we did raise a legal issue as to whether or not the Veterans Court has misinterpreted the appropriate standard for conducting clear error review. In this case, I would also say that this is exactly the same as— Did you just concede at the beginning of your remarks that even if you agreed that the Veterans Court articulated the right standard? You agree with that, right? The court stated the right standard as to the clear error review, but it misinterpreted how that standard actually functions, how the clear review has to be conducted. In other words, it recited the correct standard that it can only reverse if the only permissible view of the evidence is contrary to what the fact finding had found. But the clear review analysis is a two-step inquiry. First of all, the reviewing court has to actually review the factual finding with respect to the totality of the evidence. And the Veterans Court, here in Deloge clearly, and in both, and in Green as well, did not believe that that's how a clear error review has to be conducted. And only after the reviewing court actually reviews the factual findings, including the ultimate factual finding, against the entirety of the composite record evidence, only then can it make a determination whether or not the only permissible view of the evidence is indeed contrary to the decision of the fact finder. And in that step of the inquiry also, it is important to point out that the Veterans Court has to apply the benefit of doubt. In other words, it has to ask itself the question, is the only permissible view of the evidence, is there permissible view of this evidence, that indeed it could preponderate against the veteran? Or is the only permissible view of the evidence that it could not preponderate against the veteran? With respect to the third prong of the Williams Criterion, we respectfully submit this is exactly the same as in Byron. This is also exactly the same as the court's... Why is ultimately review evaded? I'm sorry, yeah. How is ultimately... How is he not going to have the ultimate review? But in Byron and in Adams... I want to talk about this case, though. I mean, how is that going to be avoided in this case? In this case, what this court has identified as the legal issue that may become moot on remand is whether or not the veteran is entitled to a decision in his favor on the record as it currently stands... So if he loses, if it goes back and he loses on the service connection question, can he not, when he appeals the Veterans Court opinion back up here, make that argument? Will that argument not be preserved when he comes back up here if he ultimately loses? The argument would be preserved, but his right to... So if actually our view of the evidence is right, if indeed he's entitled to a straightforward reversal on this basis, on this evidence, then his right to a finding of a service connection on this record without further medical examinations and further proceedings before the regional VA office and before the board, that right is going to be lost. That's what this court in Adams, in Stevens, and in Byron said. This would satisfy the first prong of Williams. Well, why can't we decide that? It comes back up, and you make that argument to us 3 years from now, and we say you're absolutely right. The Veterans Court should have decided this in the first instance, reversed the board, and granted the benefits. And that's what we decide. We can decide that a few years from now when it comes back up, can we not? But at that point, the issue of whether or not the veteran then is entitled to immediate decision without those further remand proceedings, that's the issue that will become much longer. Because obviously by that point, those remand proceedings would have already taken place. So this is what this court said in Stevens and in Byron when it discussed the first prong of Williams. It said this is what actually will move the reviewability of a specific issue, whether or not the veteran has a right to a decision in his favor on the record as it currently stands. Well, I'm having a hard time seeing the limiting principle there because that suggests that if you're correct on that, then every single remand case we would have jurisdiction over. No, Your Honor, because also the other prongs of Williams will actually will, the other prongs of Williams, as well as the jurisdictional limitation that this court will not review the application of law to facts, those will serve as barriers. So the first prong of Williams in particular requires that there is a separate legal issue that is separate from the merits and that actually will disappear on remand. And then the prohibition on reviewing the application of law to facts also requires the appellant to identify a specific legal issue, a misinterpretation of a legal standard. And actually this is what distinguishes, for instance, Byron, where this court found jurisdiction, from Ebell, where this court refused to find jurisdiction. In Ebell, this court said there is no jurisdiction because indeed the appellant did not raise, did not argue that there is any misinterpretation of a legal authority or legal standard. In Byron, the Veterans Court recited the clear air review standard, said that it does have authority to reverse. This court, nevertheless, said, yes, we do have jurisdiction to consider it. And, Your Honors, with respect to the legal issue, again, I would emphasize that our legal argument and why we think there is an error on the merits, in addition to finding jurisdiction, is that the Veterans Court did not conduct a proper clear air review. That review has to be conducted on the totality of the evidence and only after the court reviews the factual findings for conformity with the entire record of evidence can then the court make a determination whether or not the only permissible view of the evidence is contrary to the fact finder's decision. So if it says that yes, then it has to reverse. If it says no, it can remand. So I think this court has certainly jurisdiction and authority to consider those issues and instruct the Veterans Court on the proper legal standard. What happens with the particular facts on this case, we agree that lies outside of this court's view. That is something for the Veterans Court to then determine under the proper method of conducting the clear air review. Okay. Thank you. Thank you both.